

MAR 2 3 2007
U.S.D.C. S.D. N.Y.
CASHIERS

LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
SANKO STEAMSHIP CO., LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANKO STEAMSHIP CO., LTD.,

                Plaintiff,

- against -

CHINA NATIONAL CHARTERING CORP.,
also known as SINOCHART,

                Defendant.
------------------------------------------------------------X



JUDGE MARRERO
ECF CASE

07 Civ.
07 CV 2401
VERIFIED COMPLAINT

Plaintiff SANKO STEAMSHIP CO., LTD. ("SANKO"), by its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against defendant, CHINA NATIONAL CHARTERING CORP., also known as SINOCHART (hereinafter referred to as "SINOCHART"), alleges upon information and belief as follows:-

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC §§ 1331 & 1333. Subject matter jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq.*

    2.    At all material times, plaintiff SANKO was and still is a corporation organized and existing under the laws of a foreign country, and was a time charterer of

the M/V "SANKO RALLY" ("the Vessel").

3. Upon information and belief, at all material times, defendant SINOCHART was and still is a corporation organized and existing under the laws of a foreign country. Defendant SINOCHART cannot be found within this District within the meaning of Supplemental Rule B for Certain Admiralty and Maritime Claims and has tangible or intangible property within this District.

4. By an amended NYPE form time charter evidenced by a recap dated April 25, 2006, (the "Charter Party"), defendant SINOCHART sub-chartered the Vessel from plaintiff SANKO for a single time charter trip for sixty days for the carriage of plasterboard (the "Cargo") from Qingdao, The People's Republic of China to Pensacola, Florida and Mobile, Alabama.

5. Upon information and belief, SINOCHART in turn, voyage chartered the Vessel to Pactrans Air & Sea, Inc. ("Pactrans").

6. During the course of loading at Qingdao, SINOCHART retained a Port Captain and stevedore to load and stow the Cargo. While en route from Quingdao to Pensacola, the Cargo collapsed due to the improper stowage of the Cargo by agents and representatives of SINOCHART. The collapse of the stow allegedly caused damage to the Cargo.

7. On or about June 28, 2006, during discharge of the Cargo in Florida, the Vessel was arrested as security for claims brought by Devon International Trading, Inc., receivers of the Cargo. In order to release the Vessel from arrest, attorneys were retained by plaintiff, which arranged for security in the form of a Letter of Undertaking to be provided in the amount of $1,650,281.56. Two lawsuits for alleged cargo damage are

currently on-going in Florida, one of which plaintiff has had to defend.

8. On or about December 20, 2006, the Vessel was again arrested by Pactrans, freight forwarders acting for receivers of the Cargo, in Mobile, Alabama as security for alleged cargo loss and demurrage claims. In order to release the Vessel from arrest, attorneys were retained by plaintiff, which arranged for security in the form of a Letter of Undertaking to be provided in the amount of $2,275,000.00. The lawsuit for cargo damage is currently on-going in Alabama, which plaintiff has had to defend.

9. Under the terms of the Charter Party, all liability regarding cargo claims arising out of the loading, stowage, lashing, discharge, storage or other handling of cargo, is the full responsibility of defendant SINOCHART.

10. Clause 78(c) of the Charter Party provides that defendant SINOCHART must handle cargo claims in the first instance and provide security to cargo interests in respect of cargo claims.

11. Defendant SINOCHART has wrongfully, and in breach of the Charter Party, refused to handle the cargo claims or provide security for such claims.

12. As a result of this breach, plaintiff SANKO has incurred the expenses and costs of handling the cargo claims and arranging for security for the claims.

13. Pursuant to Clause 17 of the Charter Party, disputes between plaintiff SANKO and defendant SINOCHART are subject to English law and London arbitration.

14. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

15. Plaintiff SANKO hereby demands:-

    (a) Payment of $2,275,000.00 as security for the cargo and other claims pending in Florida and Alabama as aforesaid;

(b) Payment of $490,000.00 to cover interest on the amount in sub-paragraph (a) above;

(c) Payment of $568,000.00 to cover legal fees and costs already incurred of $78,500.00 and estimated to be incurred in the future of $490,000.00 in connection with the London arbitration (recoverable under English law). These fees will increase over time;

(d) Payment of $367,084.05 to cover the legal fees and costs already incurred of $67,084.05 and estimated to be incurred in the future of $300,000.00 in connection with the defense of the cargo claims in Florida and Alabama, including the costs of the surveyors retained by plaintiff (recoverable in the London arbitration under English law). These fees and costs will increase over time; and

(e) Payment of $52,000.00 to cover the fees and costs already incurred of $27,000.00 and estimated to be incurred in the future of $25,000.00 in connection with the handling of the cargo claims by Gard, the P&I Club, on behalf of SANKO (recoverable in the London arbitration under English law). These fees and costs will increase over time.

WHEREFORE, plaintiff SANKO prays that:-

a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant SINOCHART, citing them to appear and answer under oath all and singular the matters alleged;

b. since defendant SINOCHART cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all goods, chattels, letters of credit, bills of lading, effects, debts and monies, property tangible or intangible, or any other funds held by any garnishee, which are due and owing to plaintiff SANKO, in the amount of $3,752,084.05 to secure plaintiff SANKO's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged; and

c. plaintiff have such other, further, and different relief as this Court may deem just and proper.

Dated: March 23, 2007

>                         LYONS & FLOOD, LLP
>                         Attorneys for plaintiff
>                         SANKO STEAMSHIP CO., LTD.
>
> By:   *[signature]*
>       _____
>       Kirk M. Lyons (KL-1568)
>       65 West 36th Street, 7th Floor
>       New York, New York 10018
>       (212) 594-2400

U:\kmhldocs\2579004\Pleadings\Verified Complaint.doc

## VERIFICATION

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff SANKO STEAMSHIP CO., LTD., in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff SANKO STEAMSHIP CO., LTD., is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:   March 23, 2007

_____
Kirk M. Lyons

U:\kmhldocs\2579004\Pleadings\Verified Complaint.doc