# LYONS & FLOOD, LLP
### ATTORNEYS AT LAW

65 WEST 36TH STREET, 7TH FLOOR
NEW YORK, NEW YORK 10018

TELEPHONE: (212) 594-2400
FAX: (212) 594-4589

KIRK M. LYONS
E-Mail: klyons@lyons-flood.com

ADMITTED IN NEW YORK,
CONNECTICUT, NEW JERSEY,
& MASSACHUSETTS

August 15, 2007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-16-07
```

**BY TELEFAX**                                        (212) 805-6382

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 660
New York, New York 10007-1312

Re:   Sanko Steamship Co., Ltd. v. China National Chartering Corp. and Sinochart
      <u>07 Civ. 2401 (VM)</u>
      Our file: 2579004

Dear Judge Marrero:

     We are attorneys for plaintiff in this Rule B attachment action. It has just occurred to us that the Court has a two-page limit on letters seeking a pre-motion conference. Our letter of August 14, requesting a pre-motion conference, was five pages in length. We therefore apologize to the Court and opposing counsel for this oversight. We write to request that the Court schedule a pre-motion conference in connection with plaintiff's request for leave to file an Amended Verified Complaint.

     The need for plaintiff to seek an amendment of its Verified Complaint has arisen because the defendant has raised in its reply papers the argument that although defendant has admittedly breached Clause 78(c) of the Charter Party, the damages stemming from that breach are limited and do not support the full amount of the security held by plaintiff. (See POINT IV of Sinochart's Reply Memorandum of Law).

     Initially, plaintiff takes exception to defendant's position that this Court is the proper forum for a determination of the damages plaintiff seeks for breach of the Charter Party. It is well-settled that in a Rule B attachment proceeding, the plaintiff need not prove its damages with exactitude, but must merely satisfy the Court that its claims are not frivolous. See, e.g., <u>World Reach Shipping Ltd. v. Industrial Carriers Inc.</u>, 2006 U.S. Dist. LEXIS 83224 (S.D.N.Y. 2006); <u>Dongbu Express Co. v. Navios Corp.</u>, 944 F. Supp. 235, 237 (S.D.N.Y. 1996).

NEW JERSEY OFFICE:
1405 MORRIS AVENUE
UNION, NJ 07083
TEL: (201) 569-4455   FAX: (201) 569-4438

CONNECTICUT OFFICE:
19 COVENTRY LANE
RIVERSIDE, CT 06878
TEL: (203) 661-2355   FAX: (203) 661-2577

Despite plaintiff's conviction that it has shown that its damages for breach of Clause 78(c) are non-frivolous, for the sake of good order, plaintiff seeks to amend its Verified Complaint to specifically claim a cause of action against defendant based on Clause 40 of the Charter Party between the parties, which incorporates the Interclub Agreement. The claim would be for recovery under the Interclub Agreement from defendant of the full amount of the alleged loss, damage, and shortage to the cargo (which is the subject of claims against plaintiff in Alabama and in Florida) and all legal, Club correspondents' and experts' fees and costs reasonably incurred in the defense of the cargo claims.

A claim under Clause 40 of the Charter Party and Interclub Agreement invokes the holding of Judge Hellerstein in Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd., 2007 U.S. Dist. LEXIS 29789 ( S.D.N.Y. 2007), which held that plaintiff's claim for indemnity against the defendant under the Interclub Agreement stated a "prima facie admiralty claim."

Under Rule 15(a), the Second Circuit requires that such amendments should be permitted "when (1) the party seeking the amendment has not unduly delayed, (2) when that party is not acting in bad faith or with a dilatory motive, (3) when the opposing party will not be unduly prejudiced by the amendment, and (4) when the amendment is not futile. E*Trade Fin. Corp. v. Deutsche Bank AG, 420 F. Supp. 2d 273, 282-283 (S.D.N.Y. 2006) (quoting Foman, supra, 371 U.S. at 182); see also Block v. First Blood Assoc., 988 F.2d 344, 350 (2nd Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.")

Plaintiff respectfully submits that no prejudice can be shown by defendant since the additional claim sought to be added stems out of the same transaction as the cause of action already plead (the Charter Party between the parties), where the parties are aware of the basis for the proposed cause of action, and indeed, have already briefed the merits of a claim under Clause 40 and the Interclub Agreement in the context of the motion to vacate the attachment. (See POINTS III and IV of Sinochart's initial Memorandum of Law and POINTS III-V of Sanko's Memorandum of Law in Opposition).

Nor has plaintiff unduly delayed in seeking permission to amend its Verified Complaint. As noted above, Sinochart raised in its reply papers filed on July 6, 2007, the argument that even though defendant admittedly breached Clause 78(c) of the Charter Party, plaintiff was only entitled to minimal damages as a matter of English law. See Tide Line, Inc. v. Eastrade Commodities, Inc., 2006 U.S. Dist. LEXIS 60770 (S.D.N.Y. 2006) in which Chief Judge Wood concluded that plaintiff there had not unduly delayed in seeking to file an amended complaint in circumstances where the initial complaint was filed in March 2006 and the amendment was sought in July 2006.

For the foregoing reasons, plaintiff respectfully requests permission to file an Amended Verified Complaint.

We thank you for your attention to this matter.

Respectfully yours,

**Lyons & Flood, LLP**

By: Kirk M. Lyons

Cc: **BY TELEFAX**                                      (203) 256-8615

Lennon, Murphy & Lennon, LLC
Tide Mill Landing
2425 Post Road
Southport, CT 06890

Attn: Patrick F. Lennon, Esq.

U:\kmhldocs\2579004\Correspondence\marrero 08 ltr.doc

> Defendants are directed to respond by
> 8-17-07 by letter not to exceed 3 pages
> to the matter set forth above by plaintiff
> showing cause why plaintiff should not be
> granted leave to amend the complaint
> as specified herein
> **SO ORDERED:**
> 8-15-07
> DATE      VICTOR MARRERO, U.S.D.J.

- 3 -