# LENNON, MURPHY & LENNON, LLC – *Attorneys at Law*

| | | |
|---|---|---|
| The GrayBar Building | Patrick F. Lennon - *pfl@lenmur.com* | Tide Mill Landing |
| 420 Lexington Ave., Suite 300 | Charles E. Murphy - *cem@lenmur.com* | 2425 Post Road |
| New York, NY 10170 | Kevin J. Lennon - *kjl@lenmur.com* | Southport, CT 06890 |
| *phone* (212) 490-6050 | Nancy R. Peterson - *nrp@lenmur.com* | *phone* (203) 256-8600 |
| *fax* (212) 490-6070 | | *fax* (203) 256-8615 |

August 16, 2007

<u>Via Facsimile: (212) 805-6382</u>
Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 660
New York, NY 10007-1312

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-6-07

Re:   <u>Sanko Steamship Co. Ltd. v. China National Chartering Corp.</u>
        07 Civ. 2401 (VM)
        LML file: 1002

Dear Judge Marrero:

  We represent the Defendant, China National Chartering Corp. ("Defendant"), in the above captioned matter. We write in response to Plaintiff's letters to the Court dated August 14 and 15.

  At the outset, we would like to express our objection to Plaintiff's breach of the Court's memo-endorsement directing that Sur-Reply papers were not to be submitted. Plaintiff's five page letter dated August 14, 2007 responding to Defendant's reply papers is entirely inappropriate. This matter has been fully briefed, and Plaintiff's subsequent submission prejudices the Plaintiff and further prolongs the resolution of this matter.

  Defendant also objects to Plaintiff's request to amend the complaint at this late stage in the proceedings. Contrary to Plaintiff's position, Defendant would be greatly prejudiced if Plaintiff were allowed to amend its complaint at this time. As stated, the motion to vacate has been fully briefed and both parties have addressed the ICA issues in their motion papers. If Plaintiff were allowed to amend, the parties will have to file yet another round of motion papers, thus increasing costs that could have been avoided had Plaintiff pled the ICA claim from the outset. Clearly, Plaintiff knew of the ICA claim yet specifically sought to avoid facing a motion to vacate on that claim on pre-maturity grounds by pleading the claim as arising under clause 78. Allowing the amendment now is clearly prejudicial under such circumstances.

  Finally, Plaintiff's assertion that Defendant "admitted" to breaching clause 78 is false. The heading of POINT IV, to which Plaintiff directs the Court's attention, clearly sets forth Defendant's objection and denial of Plaintiff's claim. The heading of POINT IV states:

"SANKO'S **PURPORTED** CLAIM AGAINST SINOCHART UNDER CHARTER PARTY CLAUSE 78(c)..." Defendant further goes on to argue that *even if* it breached clause 78, the resulting damages were minimal. Parties are not deemed to "admit" liability merely by raising defenses to the claims raised against them. Thus, Plaintiff's statements in this regard should be rejected.

In light of the foregoing, we submit that Plaintiff's letters should not be included on the record and its request to file the amended complaint should be denied.

We are available to answer questions on the issues raised above at the Court's convenience.

Respectfully Submitted,

Nancy R. Peterson

*Via Email: (212) 594-4589*
Kirk M. Lyons, Esq.
Lyons & Flood

> Having considered plaintiff's 8-15-07 letter requesting leave to file an amended Verified Complaint, and the defendant's objections set forth above, and having heard the parties' further views at a conference for this purpose on 9-6-07, the Court grant's plaintiff's
> **SO ORDERED:** application to file an amendment to the complaint herein to assert the claim described in plaintiff's letter.
> DATE 9-6-07   VICTOR MARRERO, U.S.D.J.

2